Yabucoa Sugar Company, demandante y apelante, *v.* Manuel V. Domenech, en su carácter de Tesorero de Puerto Rico, demandado y apelado.

Núm. 6657.—*Sometido:* Noviembre 2, 1936. *Resuelto:* Marzo 17, 1937.

*Mariano Acosta Velarde*, abogado de la apelante; *Hon. Procurador General B. Fernández García y R. Cordovés Arana, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En 28 de julio, 1936, resolvimos en una decisión *per curiam* que la apelante en este caso estaba obligada a seguir la suerte de la contribuyente en el caso de la *P. R. Fertilizer Co.* v. *Domenech,* 50 D. P. R. 405. La P. R. Fertilizer Co. solicitó la reconsideración y la obtuvo. A la aquí apelante, se le permitió que compareciera como *amicus curiæ* en la reconsideración del caso de la P. R. Fertilizer Co., supra. Ella también había presentado anteriormente una moción de reconsideración de nuestra aludida decisión *per curiam.*

La apelante trata de distinguir su posición en este caso de la de la P. R. Fertilizer Co. Sostiene que dadas las circunstancias del pago en el presente caso, la apelante, para

recobrar del Tesorero, no estaba obligada a pagar bajo protesta.

Nos damos cuenta de que a la demandante le hubiera sido difícil o casi imposible al tiempo de efectuar el pago de las contribuciones, saber que las pagaba en exceso de la suma adeudada. Es necesariamente cierto que cuando un contribuyente efectúa un pago voluntario, de ordinario no se percata de que tal pago es excesivo.

■ La apelante trató de recobrar del Tesorero el pago en exceso. Bajo la sección 75 de la Ley núm. 74 de 1925 (Leyes de ese año, pág. 401), ley que bajo nuestra opinión más reciente (*P. R. Fertilizer Co.* v. *Domenech*) hemos resuelto es aplicable, el Tesorero queda autorizado ''para remitir, reintegrar, y devolver todas las contribuciones errónea o ilegalmente impuestas o cobradas . . . .''

Ésta es cuestión discrecional de parte del tesorero y nuestra decisión directa en el caso de la P. R. Fertilizer Co. es que dicha sección no otorga al contribuyente un derecho adicional a entablar un pleito sobre devolución de contribuciones. No importa cuál fuera el método adoptado por el contribuyente en el caso de la P. R. Fertilizer Co., puesto que nos sentimos obligados a resolver sin hacer referencia especial al procedimiento seguido en dicho caso, que ese razonamiento y el razonamiento de este caso nos compele a declarar que la apelante carece de remedio mediante litigio.

■ Las contribuciones pagadas voluntariamente, en ausencia de un estatuto que lo autorice, de ordinario no pueden ser recobradas. *Little* v. *Bowers,* 134 U. S. 54; 61 C. J. 985. Es cierto que a tenor de la Ley núm. 80 de 1919 (pág. 613) se autorizaba un pleito directo contra el tesorero para recobrar las contribuciones voluntariamente pagadas. Empero, desde 1921 (Ley núm. 43 de 1921, pág. 331) el derecho a instruir litigios sobre devolución de contribuciones, a no ser por aquéllas pagadas bajo protesta, ha sido abrogado. *Compañía Agrícola de Cayey, Ltd.* v. *Domenech,* 47 D.P.R.

535. El mero hecho de que la Legislatura diera a un contribuyente el derecho a recobrar bajo ciertas circunstancias no otorga tal derecho bajo circunstancias distintas, o sea, cuando una persona no paga bajo protesta.

Por disposición legislativa el pago bajo protesta es condición precedente al derecho a recobrar mediante litigio.

*Debe declararse sin lugar la moción de reconsideración.*