REXACH & PIÑERO, JOSÉ A. REXACH e IGNACIO PIÑERO ESTRELLA, demandantes y apelantes, *v.* R. SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 7578.—*Sometido:* Febrero 6, 1940. *Resuelto:* Julio 18, 1940.

*J. J. Ortiz Alibrán,* abogado de los apelantes, *Hon. Procurador General George A. Malcolm* y *R. García Cintrón, Subprocurador Auxiliar,* abogados del apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Rexach & Piñero, José A. Rexach e Ignacio Piñero Estrella acudieron en 18 de octubre de 1935 ante la Corte de Distrito de San Juan en solicitud de un auto de *mandamus* contra el entonces Tesorero de Puerto Rico, R. Sancho Bonet. El auto se solicitaba para que la corte compeliera al tesorero sustituto a pagar a los peticionarios ciertas sumas que ellos sostenían les habían sido adjudicadas por la Junta de Revisión e Igualamiento.

La actuación de la junta ordenando los pagos tuvo lugar el 29 de octubre de 1933. A pesar de la orden de la junta, el entonces tesorero, Manuel V. Domenech, se negó a efectuar el pago, fundado sustancialmente en que las contribuciones habían sido pagadas voluntariamente y en que, por ende, no eran recobrables.

Lo que sucedió fué que el 22 de agosto de 1921, la firma de Rexach & Piñero radicó unas planillas para el año fiscal 1920, efectuando el pago de la contribución de acuerdo con las mismas.

En 10 de febrero de 1927, el tesorero halló que dicha firma adeudaba la suma de $27,126.71 por una deficiencia en la tasación. Esa suma fué administrativamente rebajada aparentemente a $8,717.15. Allá para el 31 de mayo de 1929, el tesorero y los peticionarios convinieron en que la suma adeudada era $9,225.26. El tesorero y El Pueblo de Puerto Rico sostienen que las partes convinieron con el tesorero en pagar esa suma en la siguiente proporción: dos terceras partes por Rexach y una tercera parte por Piñero, de conformidad con su interés en la sociedad disuelta. En 31 de mayo Rexach pagó voluntariamente al tesorero $6,150.44. Piñero nunca entregó dinero alguno al tesorero y en su consecuencia el tesorero embargó bienes de Piñero para recobrar $4,031.21, suma que entonces se calculaba se adeudaba por concepto de deficiencia, así como $2,138.06 en concepto de contribuciones sobre la finca embargada.

Hubo una subasta de esta finca y la misma fué adquirida por el Asilo de las Hermanitas de los Ancianos Desamparados como acreedor hipotecario. Antes de ser redimida la propiedad, allá para el 11 de abril de 1933, los Sres. Rexach y Piñero presentaron al tesorero, Sr. Domenech, una petición para que se les devolvieran las sumas pagadas bajo protesta.

La teoría de la solicitud fué en síntesis que la deficiencia se calculó a base de una disposición inconstitucional de la ley y además que su derecho a recobrar contra Rexach & Piñero había prescrito. El tesorero se negó a pagar la reclamación. Al apelarse para ante la Junta de Revisión e Igualamiento, la actuación del tesorero fué revocada. El tesorero continuó negándose a efectuar el pago.

El 18 de febrero de 1937 la Corte de Distrito de San Juan dictó una opinión y sentencia a virtud de las cuales resolvió que el Sr. Rexach no tenía reclamación alguna toda vez que había pagado voluntariamente, mas la corte, de primera intención, consideró y declaró con lugar la reclamación de Piñero. A virtud de una moción presentada a ese efecto, dicha corte de distrito reconsideró su fallo y dictó sentencia declarando sin lugar la demanda en cuanto a ambos demandantes.

Los fundamentos de esta decisión fueron: (a) que la junta en 29 de octubre de 1933 no ordenó al tesorero que pagara otra cosa que la suma que José A. Rexach había pagado voluntariamente; (b) que era discrecional del tesorero conceder una solicitud de reintegro y que como tampoco se le ordenó por la junta, asumiendo que el cobro por la vía de apremio equivaliera a un pago voluntario, aún así no procedería el *mandamus* por no tratarse de un deber ministerial.

■ Desde que se dictó esta decisión, mucha agua ha pasado por el molino judicial. Para la época en que la corte dictó esta decisión, no se habían resuelto ni el caso de la *P. R. Fertilizer Co.* v. *Sancho Bonet,* 50 D.P.R. 405, ni el caso de *Yabucoa Sugar Co.* v. *Sancho Bonet,* 51 D.P.R. 135.

El alegato de este caso en apelación fué radicado el 25 de noviembre de 1938. Para aquel entonces la Corte de Circuito de Apelaciones para el Primer Circuito había revisado los casos de *P. R. Fertilizer Co.* v. *Sancho Bonet* y *Yabucoa Sugar Co.* v. *Sancho Bonet,* supra, y hasta cierto punto había modificado las opiniones de este tribunal. De suerte que la teoría de los apelantes descansa en parte en la decisión de la Corte de Circuito de Apelaciones, bajo la cual sería posible para Rexach proseguir este pleito como cuestión de derecho (*right*) intrínseco, y quizá basarse en la decisión de la Junta de Revisión e Igualamiento.

En lo que a Rexach se refiere, cualquier duda que existiera en torno a su derecho a proceder, ha sido disipada por la decisión emitida en el caso de la *P. R. Fertilizer Co.* v. *Sancho Bonet,* 54 D.P.R. 677. Esa opinión, en cambio, descansó en el caso de *Bonet* v. *Yabucoa Sugar Co.,* 306 U. S. 505, opinión que fué copiada *verbatim* en el caso de la *P. R. Fertilizer Co.* v. *Sancho Bonet,* supra.

Antes de emitirse la opinión de la Corte Suprema de los Estados Unidos, pudo tal vez existir alguna duda bajo las leyes locales respecto a si contribuciones pagadas voluntariamente podían ser recobradas o no, mas la decisión de la Corte Suprema de Estados Unidos hizo que estas decisiones locales fueran definitivamente la regla de derecho que ha de prevalecer en Puerto Rico.

■■ Se presenta un caso algo distinto en lo que a Piñero respecta. Él no pagó contribuciones voluntariamente, tal cual lo había hecho su antiguo socio, ni tampoco efectuó pago alguno al Tesorero de Puerto Rico. El Gobierno insiste en que Rexach, Piñero y el Gobierno llegaron a un acuerdo a virtud del cual Piñero debía pagar la tercera parte de la contribución total impuesta a Rexach & Piñero. Tenemos una duda, al examinar las páginas de los autos a que se refiere el Procurador General, respecto a si el acuerdo fué algo más que un convenio entre Rexach y Piñero sobre

la proporción de la contribución total que cada uno de ellos debía pagar. Mas dado el criterio que hemos adoptado para este aspecto del caso, no es menester que la cuestión de un pago voluntario *vel non* desempeñe un gran papel.

Algunas de las contenciones del tesorero en la corte inferior fueron al efecto de que el tesorero no tenía derecho a reembolsar la suma, sino que hubiera sido el deber de Piñero, al estar en lo cierto, acudir a los tribunales y dejar sin efecto el embargo. No obstante, el tesorero fué el autor del embargo. Él era la persona principalmente beneficiada con el mismo, y si embargó errónea o irregularmente, él era el llamado a actuar directamente, y Piñero no tenía deber alguno de acudir en solicitud de que se dejara sin efecto el embargo.

Empero, lo que sí creemos es que la decisión de la Corte Suprema de Estados Unidos en el caso de *Sancho Bonet* v. *Yabucoa Sugar Co.*, supra, para el caso ordinario, hace imperativo que se efectúe el pago de las contribuciones bajo protesta. El apelado sostiene que la junta no dictó fallo o decisión alguna en relación con Piñero, y en su consecuencia, desde luego, que el tesorero no quedaba obligado. Ésta fué una conclusión de la corte inferior que los apelantes no nos convencen, con cita de los autos, que estaba equivocada.

El único caso en que surgiría el derecho a un auto de *mandamus* sería aquel en que el derecho a recobrar se hubiera resuelto definitivamente sobre puntos legales por la Junta de Revisión e Igualamiento. Los apelantes descansan en la mera decisión de la junta en el sentido de que fija un derecho ministerial claro a ser revisado por *mandamus*.

En el auto de *mandamus,* las cortes están autorizadas a examinar y ver si existe un derecho en equidad en la petición, y los apelantes no nos convencen de la existencia de tal derecho.

Bajo las circunstancias expuestas, no creemos que Piñero se aprovechara de la oportunidad de pagar las contribuciones

342

bajo protesta, y aun si hubiera efectuado el pago, que surgió un buen derecho a solicitar la devolución.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. De Jesús no intervino.