THE MAYAGÜEZ LIGHT, POWER & ICE CO., INC., demandante y apelante, *v.* RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 8330.—*Sometido:* Diciembre 12, 1941. *Resuelto:* Enero 15, 1942.

*J. Alemañy Sosa,* abogado de la apelante; *Hon. Procurador General George A. Malcolm* y *M. Rodríguez Ramos, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Los hechos esenciales de este caso, sobre los cuales no existe controversia alguna, son como sigue:

La corporación demandante, por escritura otorgada en los Estados Unidos en el año 1924, hizo una emisión de bonos, designando como *trustee* a la Baltimore Trust Co., de Baltimore, Maryland, la cual no tiene oficinas en Puerto Rico. Dichos bonos fueron vendidos a diversas personas residentes en el Continente, a las cuales les fueron pagados los intereses correspondientes a sus bonos, por el trustee, con fondos que oportunamente le remitiera la corporación emisora.

En el año 1931 el Tesorero de Puerto Rico requirió a la demandante para que pagase la contribución sobre ingresos correspondiente a los años de 1924 a 1931, sobre los intereses pagados durante dichos siete años a los bonistas residentes en Estados Unidos. No estuvo conforme la demandante y apeló para ante la Junta de Revisión e Igualamiento, la cual confirmó la actuación del Tesorero. La demandante, sin formular protesta alguna, pagó las sumas reclamadas por el Tesorero, las que ascienden a $6,392.61.

El día 1 de marzo de 1933 la demandante radicó en el Departamento de Hacienda una solicitud de reintegro y en enero 22 de 1935 presentó una solicitud complementaria. El Tesorero declaró sin lugar el reintegro, alegando como fundamentos: (a) que el pago no había sido hecho bajo protesta, (b) que el Tesorero carecía de facultad para hacer el reintegro en estos casos, y (c) que cuando se impuso, cobró y pagó la contribución, la misma era legal. En diciembre 7 de 1939 la demandante solicitó y le fué denegada la reconsideración.

Se alega en la demanda que al solicitarse de nuevo la reconsideración, el 13 de diciembre de 1939, la demandante y el Tesorero convinieron en someter al Procurador General de

Puerto Rico una consulta en cuanto a si el Tesorero tenía o no facultades para ordenar el reintegro; que en abril 19, 1940, el Procurador General emitió su opinión en el sentido de que las contribuciones que se reclaman fueron ilegalmente cobradas, y que la sección 75 de la Ley de Ingresos de 1925 (Ley núm. 74, pág. 401) autoriza al Tesorero para devolver su importe, correspondiendo a la sana discreción de dicho funcionario ordenar el reintegro; que basándose en la expresada opinión del Procurador General, la demandante volvió a solicitar el reintegro, y el Tesorero lo denegó, insistiendo en su falta de autoridad para decretarlo.

Alegando que existe una divergencia entre la demandante y el Tesorero de Puerto Rico, en cuanto a la interpretación de la Ley de Contribuciones sobre Ingresos de 1925 y especialmente en cuanto a sus secciones 64(*b*), 75 y 76, y que interesa una declaración del efecto de la decisión de la Corte Suprema Federal en *Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204, seguido por esta Corte Suprema en *Gallardo* v. *United Porto Rican Sugar Co.,* 42 D.P.R. 646, la demandante solicitó de la Corte de Distrito de San Juan que dictase una sentencia declaratoria: (1) en cuanto a si el contribuyente que paga sin protesta una contribución de ingreso, ilegalmente impuesta y cobrada, tiene derecho a solicitar su reintegro dentro de los cuatro años de efectuado el pago; (2) en cuanto a si el Tesorero tiene o no facultades para ordenar la devolución, y (3) en cuanto a si tiene el carácter de ilegal e injusta una contribución que al tiempo de ser cobrada y pagada ya había sido declarada ilegal por la Corte Suprema de Puerto Rico.

El Tesorero demandado formuló excepción previa a la demanda, alegando que ésta no aduce hechos suficientes para constituir causa de acción, y, además, que la corte no tenía jurisdicción sobre la persona del demandado, ni sobre la materia de acción.

En enero 23, 1941, la corte inferior dictó sentencia declarando con lugar la excepción previa y sin lugar la demanda

e imponiendo las costas a la demandante. Apeló la demandante, y en su alegato señala dos errores:

"1. Declarar que no existe una controversia entre la demandante y el Tesorero porque cuando se radicó la demanda en este caso ya el Tesorero había negado la solicitud de reintegro.

"2. Resolver que aún en el caso que se pudiera solicitar una nueva reconsideración del Tesorero después de dictar sentencia en este caso, no procedería la sentencia declaratoria porque la sentenno pondría fin a la controversia, ya que sería siempre el Tesorero el llamado a resolver a base de los hechos ante sí y no a base de las conclusiones de la corte, si debía o no reconsiderar su decisión, cuando la controversia que plantea la demanda en este caso entre la demandante y el Tesorero no se basa en cuestión de hecho alguno, sino en el criterio del Tesorero de que él no tiene facultades de acuerdo con la ley para devolver el importe de la contribución porque ésta se pagó sin protesta.'

■ Las razones que tuvo la corte inferior para desestimar la demanda fueron las siguientes:

"La demanda no pide a esta corte declare si la demandante tiene o no derecho al reintegro, o si el Tesorero viene o no obligado a verificarlo. De la demanda se desprende, y al informar las partes en relación con la excepción previa el abogado de la demandante lo confirmó, que la demandante concede que el Tesorero tiene discreción para reintegrar o no en casos como el que expone la demanda. No estamos convencidos que el Tesorero tenga discreción alguna cuando se hace la reclamación oportuna y cuando, de acuerdo con los hechos determinados por el propio Tesorero, surge que las contribuciones fueron cobradas 'indebidamente. Se nos hace difícil concebir que fuera la intención legislativa el dejar al antojo de un funcionario el determinar a cuáles contribuyentes les va a hacer justicia y a cuáles se les va a negar. Es evidente, sin embargo, que de acuerdo con la ley de contribuciones sobre ingresos, el Tesorero es el funcionario que debe determinar, no como cuestión de discreción, sino como cuestión de hecho y de derecho, si una reclamación de reintegro está o no bien fundada, y que la determinación del Tesorero en cuanto a los méritos de una reclamación de reintegro es final y concluyente. Véase *Porto Rico Fertilizer Co.* v. *Sancho Bonet*, 54 D.P.R. 677. Resulta, pues, que exista o no la facultad discrecional que las partes desean conferir al Tesorero, a éste, y no a las cortes de justicia,

incumbe resolver los méritos de una reclamación de reintegro, por lo que no podríamos, aunque lo hubiese solicitado la demandante, hacer declaración alguna en cuanto al derecho de la demandante, o la obligación del Tesorero en el caso que se relaciona en la demanda.

"A pesar de que no podemos en este recurso resolver definitivamente la verdadera controversia entre las partes, o sea si procede o no la reclamación de reintegro, se nos pide expresemos nuestra opinión en cuanto a si el Tesorero tiene o no la facultad de conceder el reintegro, y si la contribución fué o no indebidamente cobrada.

"De la demanda surge que la opinión que se solicita es académica, puesto que ya el Tesorero declaró sin lugar la reclamación de reintegro, y no aparece que esté el caso pendiente ante él en forma alguna. En otras palabras, si alguna vez hubo una controversia entre la demandante y el Tesorero, ésta cesó antes de radicarse la demanda en este caso.

"Posiblemente la demandante se propone radicar ante el Tesorero una solicitud de reconsideración, caso de obtener sentencia favorable en este caso, y a base de tal posibilidad considera que aún perdura su controversia con el Tesorero. Aún así, no procedería la sentencia declaratoria porque la sentencia no pondría fin a la supuesta controversia, ya que siempre sería el Tesorero el llamado a resolver, a base de los hechos ante sí, y no a base de las conclusiones de esta corte, si debía o no reconsiderar su decisión. No procede una sentencia declaratoria para determinar el criterio que debe seguir otro tribunal, o una junta o funcionario administrativo, en cuanto a cuestiones de derecho que pueden estar envueltas en asuntos pendientes ante dicho tribunal, junta o funcionario. *Jefferson County* v. *Chilton*, 236 Ky. 614, 33 S. W. (2d) 601; *Poore* v. *Poore*, 201 N. C. 791, 161 S. E. 532; *Moore* v. *Louisville Hydro-Electric Co.*, 226 Ky. 20, 10 S. W. (2d) 466.''

Poco tenemos que añadir a lo que tan claramente ha expresado la corte sentenciadora. Cuando la contribución ha sido pagada voluntariamente, el contribuyente no tiene derecho de acción para reclamar la devolución de la suma pagada. Ese derecho existe solamente cuando se ha hecho el pago bajo protesta. En *Sancho Bonet* v. *Yabucoa Sugar Company*, 306 U. S. 505, 83 L. Ed. 946, el Tribunal Supremo Federal, al revocar la sentencia de la Corte de Circuito de

Apelaciones (98 Fed. (2d) 398) y confirmar la dictada por esta Corte Suprema (50 D.P.R. 962; 51 D.P.R. 135), se expresó así:

"La Yabucoa Sugar Company demandó al Tesorero de Puerto Rico ante una corte de distrito local en recobro de contribuciones de ingresos del año 1927 pagadas bajo las leyes insulares. Interpretando los estatutos locales de Puerto Rico autorizando pleitos sobre reembolso de contribuciones, la corte de distrito declaró que las leyes no daban derecho a demandar por contribuciones pagadas voluntariamente. La demanda fué desestimada por falta de jurisdicción, ya que de ella se desprendía que la contribución objeto de litigio había sido pagada voluntariamente, sin protesta. La Corte Suprema de Puerto Rico confirmó la sentencia, pero ésta fué revocada por la Corte de Circuito de Apelaciones.

"Según acepta la propia Yabucoa Sugar Company, este caso no puede ser sostenido sin autorización de una ley de Puerto Rico, ya que Puerto Rico no puede ser demandado sin su consentimiento. También se acepta que la Legislatura de Puerto Rico no viene obligada a proveer un remedio judicial para el reembolso de contribuciones.

"Son contenciones de la Yabucoa Sugar Company que las leyes insulares sobre la materia autorizan el presente pleito 'bien por el lenguaje expreso o por necesaria inferencia,' y que las cortes de Puerto Rico interpretaron erróneamente los estatutos locales.

"La sección 75 de la vigente Ley de Contribuciones sobre Ingresos de Puerto Rico, aprobada en 6 de agosto de 1925 (Leyes de Puerto Rico de 1925, páginas 400, 536) autoriza al Tesorero a 'remitir, reintegrar, y devolver todas las contribuciones errónea o ilegalmente cobradas . . . . y toda contribución que aparezca injustamente impuesta o en cantidad excesiva o de cualquier manera erróneamente cobrada,' y le ordena rendir 'un informe a la Legislatura de Puerto Rico, al empezar cada sesión ordinaria, de todas las transacciones que en esta sección se autorizan.'

"Las cortes de Puerto Rico interpretaron la sección 75 de modo que la negativa del Tesorero a reintegrar contribuciones pagadas sin protesta es definitiva; que los estatutos locales no dan a las cortes jurisdicción para revisar esta negativa, y que después del informe del Tesorero a la Legislatura, las demandas de un contribuyente voluntario deben ser dirigidas a la propia Legislatura. Disintiendo de esta interpretación dada al estatuto por las cortes de

Puerto Rico, la Corte de Circuito de Apelaciones (con la opinión disidente de uno de sus jueces) resolvió que la ley de 1925 claramente proveía el remedio de recurrir a las cortes, aun en pleitos para recobrar contribuciones pagadas voluntariamente sin protesta.

"Es necesario que examinemos algunas de las razones que llevaron a las cortes de Puerto Rico a su interpretación de la sección 75 de la ley de 1925. Por ejemplo, la sección 66 de la Ley de Contribución de Ingresos de Puerto Rico de 1919 (Leyes de 1919, páginas 612, 666), imponía al Tesorero la obligación de hacer los reintegros contributivos (como en la sección 75 de la ley de 1925), pero la sección 66 contenía una disposición expresa para 'recurrir a los tribunales de justicia' si la reclamación del contribuyente fuera denegada por el Tesorero. La supresión de esta expresa disposición de la sección 75 y otras secciones de la ley de 1925, fué lógicamente considerada por las cortes de Puerto Rico como de gran importancia en la interpretación de dicha ley. El derecho de apelación a las cortes contenido en la sección 66 de la ley de 1919 fué por primera vez suprimido en la de Puerto Rico de 1921 (Leyes de Puerto Rico de 1921, página 312) y esto llevó a la Corte Suprema de Puerto Rico a resolver en el presente caso que 'Desde 1921 . . . el derecho a instruir litigios sobre devolución de contribuciones, a no ser aquellas pagadas bajo protesta, ha sido abrogado.'

"Además, cuatro distintas secciones de la ley de 1925 (57, 60, 62 y 76A) constituyen un procedimiento estatutario bajo el cual un contribuyente que pague bajo protesta tiene derecho a demandar en corte el reintegro. Tal contribuyente puede demandar al amparo de la ley bajo estas secciones únicamente si su reintegro ha sido denegado por ambos el Tesorero y la Junta de Revisión e Igualamiento de la isla. Pero en ninguna parte de estas secciones expresamente se autoriza una apelación de la decisión del Tesorero para ante la junta por uno que haya pagado las contribuciones sin protesta. Y la sección 76B, que de acuerdo con la interpretación de la Corte de Circuito de Apelaciones autoriza el pleito por un contribuyente que haya pagado voluntariamente, expresamente prohibe el pleito 'hasta que debidamente se haya presentado al Tesorero y *en apelación* ante la Junta de Revisión e Igualamiento una reclamación de reintegro o crédito, según lo establecido por la ley en ese sentido y por los reglamentos dictados de acuerdo con dicha ley.' (Itálicas nuestras.) Como a un contribuyente voluntario no le ha sido concedido derecho expreso alguno de apelación del Tesorero a la Junta 'según lo establecido por la ley' en relación con dichas apelaciones,

no tiene autorización expresa para cumplir con la condición previa al derecho al pleito bajo la sección 76B. Los derechos negados por ley no pueden ser concedidos por un reglamento.

"Además, la sección 76B de la ley de 1925 es prácticamente idéntica en lenguaje a la sección 3226 de los Estatutos Revisados de los Estados Unidos sobre pleitos para reintegro de contribuciones de los Estados Unidos. Pero la Legislatura de Puerto Rico, que aparentemente tomó como modelo la sección 3226, omitió en la 76B la cláusula de la sección 3226 que dispone que un 'pleito o procedimiento para reintegro de contribuciones será declarado con lugar, haya sido tal contribución pagada o no bajo protesta o compulsión.' Esta adopción sustancial de la sección 3226, omitiendo la cláusula que autoriza el pleito sin protesta (así como la misma omisión en la ley de 1921) difícilmente podría ser considerada como inadvertencia, y por el contrario indica un deliberado propósito legislativo."

Véase: *P. R. Fertilizer Co.* v. *Sancho Bonet, Tes.*, 54 D.P.R. 677, 680.

▉ Convenimos con la corte inferior en que la sentencia que pudiera dictarse en esta acción resultaría académica, pues aún cuando asumiéramos que el Tesorero tiene la facultad discrecional necesaria para poder devolver las contribuciones que se reclaman—cosa que no resolvemos—dicho funcionario no estaría obligado a acatar un fallo en el que solamente se le reconocería la facultad discrecional que ya él se ha negado a ejercitar.

*Debe confirmarse la sentencia recurrida.*