GEORGE M. MOFFETT, peticionario y apelante, *v.* RAFAEL BUS-
CAGLIA, TESORERO DE PUERTO RICO, y BANCO POPULAR DE
PUERTO RICO, demandados y apelados.

Núm. 9081.—*Sometido:* Abril 6, 1945.   *Resuelto:* Abril 25, 1945.

*James R. Beverley, R. Castro Fernández* y *José López Baralt,* abo-
gados del apelante; *Hon. Procurador General Interino Jesús A.
González* y *Fernando B. Fornaris* y *Ramón Gandía Biscombe,
Procuradores Generales Auxiliares,* abogados del Tesorero de
Puerto Rico, apelado; *Damián Monserrat, Jr., Gabriel de la Haba*
y *Rafael Baragaño, Jr.,* abogados del Banco Popular, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del
tribunal.

El peticionario solicitó una sentencia declaratoria sobre
las siguientes cuestiones:

1. El Banco Popular de Puerto Rico, fiduciario (*Trustee*)
de los accionistas comunes de South Porto Rico Sugar Com-
pany de New Jersey, recibió el 1 de julio de 1942, de la So-
ciedad Russell & Co., Sucesores, ciertas cantidades de dinero

para ser repartidas entre dichos accionistas, como dividendos, a razón de cincuenta centavos por cada acción.

De conformidad con las disposiciones de la Ley de Contribuciones Sobre Ingresos, vigentes en 1º de julio de 1942, —Sección 22, enmendada por la Ley 31 de abril 12, 1941 ((1) pág. 479); sección 12(a), enmendada por la Ley 159 de mayo 13 de 1941 ( (1) pág. 973) y sección 13(a), enmendada por la Ley 23 de noviembre 21 de 1941 ((2)' pág. 73) —el Banco repartió la suma recibida, entre los accionistas, descontando y reteniendo a cada uno de ellos la contribución normal y la adicional provistas por las referidas secciones.

Al peticionario le correspondió como dividendo sobre 21,699 acciones, un total de $10,849.50. De conformidad con la ley entonces vigente, el Banco retuvo la contribución normal de 8 por ciento de dicha suma; y por ser el peticionario un ciudadano americano no residente en Puerto Rico, retuvo como contribución adicional la suma de $269.47. La suma total retenida al peticionario ascendió a $1,137.43.

Alega el peticionario que la sección 12(a) de la Ley de Contribuciones Sobre Ingresos "es inconstitucional y nula en cuanto discrimina entre ciudadanos americanos y extranjeros, y entre ciudadanos americanos residentes en Puerto Rico y ciudadanos americanos no residentes", imponiendo a los residentes un tipo de contribución normal menor que el que se impone a los no residentes. Alega, además, que si se le impusiera la contribución al tipo fijado para los ciudadanos americanos residentes en la Isla, el peticionario tendría que pagar un total de $1,067.43, en vez de los $1,137.43 que se le han descontado.

2. Por virtud de la Ley núm. 20 de diciembre 3 de 1942 ((2) pág. 97), las secciones 22(a) y 12 y 13 de la Ley de Contribuciones Sobre Ingresos fueron enmendadas, con efecto retroactivo al día 1º de julio de 1942. El efecto de dichas enmiendas es el de imponer *a todo individuo no residente*

*que no sea ciudadano de Puerto Rico* una contribución normal de 28 por ciento del montante del ingreso neto.

Alega el peticionario que las disposiciones de dichas enmiendas son ilegales, inconstitucionales y nulas: (*a*) porque se impone al Banco retenedor, con efecto retroactivo, una obligación imposible de cumplir, por haber sido repartidos los dividendos el 1º de julio de 1942, o sea cinco meses antes de la aprobación de las enmiendas; y (*b*) porque discrimina entre los individuos no residentes que no son ciudadanos de Puerto Rico, a quienes se les impone una contribución normal de 28 por ciento, y los ciudadanos de Puerto Rico, a quienes se les impone solamente el 5 por ciento del ingreso neto.

3. Entre los accionistas de South Porto Rico Sugar Company figuran varias corporaciones o sociedades extranjeras, las cuales no han sido autorizadas para hacer negocios en Puerto Rico. El Banco fiduciario dedujo y retuvo a esas corporaciones el 20 por ciento del montante de sus participaciones, de acuerdo con las secciones 28(*a*) y 35 de la Ley 23 de 1941, página 81, por virtud de las cuales se impone a las corporaciones extranjeras una contribución del 20 por ciento de sus ingresos netos, mientras que a las corporaciones domésticas se les impone una contribución de 18 por ciento. La Ley núm. 20 de diciembre 3 de 1942, enmendó dichas secciones, con efecto retroactivo al 1º de julio de 1942, aumentando los tipos contributivos a 22 por ciento y 20 por ciento, respectivamente.

El peticionario impugna la validez y constitucionalidad de todas dichas disposiciones legales y pide que se decrete la nulidad de las mismas y que se prohiba al Tesorero de Puerto Rico cobrar, y al Banco Popular de Puerto Rico pagar, las contribuciones a los tipos fijados por dichas leyes.

El Tesorero radicó una extensa contestación y como defensas especiales alegó la insuficiencia de los hechos alegados para determinar una causa de acción y que la corte in-

ferior carece de jurisdicción tanto sobre la persona del Tesorero como sobre la materia de la acción. Sometido el caso por las alegaciones, la corte inferior dictó sentencia desestimando la demanda. El peticionario interpuso el presente recurso.

■ Si se examinan cuidadosamente las alegaciones de la petición, se verá que el peticionario se queja de cobros realizados por el Tesorero al amparo de la legislación de cuya constitucionalidad se trata en este procedimiento, sin alegar que el pago de las sumas reclamadas por el Tesorero se hiciera bajo protesta. Se queja, además, el peticionario de la actitud del Tesorero, alegando que dicho funcionario insiste en aplicar la ley tal y como aparece redactada y en darle efecto retroactivo al 1º de julio de 1942. Contra los actos ya realizados por el Tesorero no se solicita remedio alguno. Contra los que pueda realizar en el futuro, al amparo de la legislación impugnada, se solicita especialmente el remedio de *injunction*.

Convenimos con la corte inferior en que en el presente caso no concurre ninguna de las consideraciones de equidad que pudieran justificar la expedición de un auto de injunction para impedir el cobro de contribuciones. El pago bajo protesta y la reclamación de la suma así pagada, mediante querella formulada ante el Tribunal de Contribuciones de Puerto Rico, es un remedio legal adecuado y suficiente para la protección del contribuyente. Y es un principio legal, por demás conocido, que cuando existe un remedio legal adecuado no procede el injunction.

■■ Tampoco erró la corte inferior al resolver que en este caso no existe una verdadera controversia que pueda servir de base a una sentencia declaratoria. Como dijimos en *Mayagüez Light, Power & Ice Co.* v. *Buscaglia,* 59 D.P.R. 709, 713: "No procede una sentencia declaratoria para determinar el criterio que debe seguir otro tribunal, o una junta o funcionario administrativo, en cuanto a cuestiones de de-

recho que pueden estar envueltas en asuntos pendientes ante dicho tribunal, junta o funcionario.'' No debe permitirse de ordinario a los contribuyentes que eviten el pasar por el Tribunal de Contribuciones, utilizando el procedimiento de solicitar una sentencia declaratoria en la corte de distrito. La corte inferior ejercitó debidamente su discreción al declarar sin lugar la petición. *Power Electric Co., Inc.* v. *Rafael Buscaglia, Tesorero,* 63 D.P.R. 984; *Mayagüez Sugar Co.* v. *Tribunal de Apelación,* 60 D.P.R. 753; *Miles Laboratories* v. *Federal Trade Commission,* 140 F. (2d) 683.

*La sentencia recurrida será confirmada.*