ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF FINANCE OF AMERICA STRUCTURED SECURITIES ACQUISITION TRUST 2019-HB1<br><br>Parte Apelada<br><br>v.<br><br>LA SUCESIÓN DE DOMINGO ANDINO MARRERO T/C/C DOMINGO ANDINO<br><br><br>**Ángel Luis Andino Falú<br>Parte Apelante** | KLAN202400063 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: CA2021CV02524<br><br>Sobre: Ejecución de hipoteca |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de febrero de 2024.

El 19 de enero de 2024, el Sr. Ángel Luis Andino Falú, a través de su apoderada Angelis Andino Ayala[1] (parte apelante), presentó por derecho propio el recurso de epígrafe. Solicita que revoquemos la *Sentencia Sumaria* emitida el 20 de diciembre de 2023, y notificada el 21 de diciembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Carolina, que declaró con lugar la demanda de ejecución de hipoteca promovida por Wilmington Savings Fund Society FSB, as Trustee of Finance of America Structured Securities Acquisition Trust 2019-HB1, en contra de un inmueble

---

[1] Angelis Andino Ayala no es abogada. Ésta funge como apoderada de Ángel Luis Andino Falú por virtud de la Escritura Núm. 4 (Poder Especial), otorgada el 8 de julio de 2022, ante el notario Erick E. Kolthoff Benners. El poder está debidamente inscrito en el Registro de Poderes de la Oficina del Director de Inspección de Notarías; y para el 3 de agosto de 2022, a las 8:44 a.m., no había sido revocado, modificado, ampliado o anulado. Véase, Apéndice del recurso no numerado, Exhibit A, *Power of Attorney* y Certificación de la Oficina de Inspección de Notarías.

perteneciente a los miembros de la sucesión de Domingo Andino Marrero t/c/c Domingo Andino t/c/c Rufino Andino Marrero, ubicado en el Barrio Martín González de Carolina. También solicitó la revocación de la orden emitida el 10 de enero de 2024 y notificada el 11 de enero de 2024, que le advirtió a la apoderada Angelis Andino Ayala, por segunda ocasión, que no está autorizada a comparecer en representación de ninguna parte en el pleito, toda vez que ésta no es abogada.[2]

El 24 de enero de 2024, la Secretaría de este Tribunal de Apelaciones notificó a la parte apelante deficiencias en el perfeccionamiento del recurso, porque el escrito tiene el epígrafe incorrecto.

El 19 de febrero de 2024, la parte apelada presentó su alegato en oposición, en el que solicitó la desestimación del recurso por incumplimiento con las normas que regulan el perfeccionamiento de los recursos de apelación ante este Tribunal de Apelaciones.

Así pues, tras evaluar el trámite procesal del recurso, este Tribunal desestima el presente recurso por falta de jurisdicción, debido al incumplimiento craso con las normas que regulan el perfeccionamiento de los recursos de apelación establecidas en la Regla 16 de nuestro Reglamento, *infra.*

**I.**

**A.**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.[3] Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional,

---

[2] Relacionado con este último asunto, también solicitó que revocáramos una orden emitida el 28 de noviembre de 2023, notificada el 30 de noviembre de 2023; esto es, expirado el término de treinta (30) días disponible para ello.

[3] *Beltrán Cintrón et al. v. ELA et al,* 204 DPR 89, 101 (2020).

pues una sentencia dictada sin jurisdicción es nula[4]. Cónsono con ello, el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[5]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe.[6] Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[7] Por esa razón, la Regla 83 del Reglamento del Tribunal de Apelaciones[8] nos autoriza a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**B.**

El Tribunal Supremo ha manifestado que las partes tienen la responsabilidad de observar rigurosamente las normas sobre el perfeccionamiento de los recursos apelativos y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados.[9] Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí".[10]

De hecho, el Tribunal Supremo ha expresado que, de no observarse las disposiciones reglamentarias al respecto, nuestro ordenamiento autoriza la desestimación del recurso.[11] Sin embargo, ante la severidad de esta sanción, dicho Foro exige que nos aseguremos de que el incumplimiento con las disposiciones reglamentarias aplicables haya provocado un impedimento real y

---

[4] *Metro Senior v. AFV,* 209 DPR 203, 208-209 (2022); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).
[5] *Ruiz Camilo v. Trafon Group, Inc.*, supra.
[6] *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019).
[7] *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157, 165 (2016).
[8] 4 LPRA Ap. XXII-B, Regla 83.
[9] *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).
[10] *Soto Pino v. Uno Radio Group,* supra.
[11] *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008).

meritorio para que podamos considerar el caso en los méritos.[12] Por ejemplo, "[u]n recurso que carece de un apéndice, con los documentos necesarios *para poner al tribunal en posición de resolver*, impide su consideración en los méritos".[13]

Del mismo modo, el Tribunal Supremo ha puntualizado que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales. Ello cobra mayor importancia en el caso de aquellas normas que establecen términos jurisdiccionales o de cumplimiento estricto.[14]

La Parte II del Reglamento del Tribunal de Apelaciones[15] gobierna lo relativo a la presentación de escritos de apelación de sentencias en los casos civiles. En particular, la Regla 16[16] exige la inclusión de una cubierta; el epígrafe; información de los abogados y las partes; información del caso (relación fiel y concisa de los hechos); un índice; el señalamiento de los errores que a juicio del apelante cometió el tribunal apelado; la discusión de los errores señalados, que incluya las disposiciones de ley y la jurisprudencia aplicables; y un apéndice.

En cuanto al apéndice, éste deberá contener una copia de los siguientes documentos: (1) las alegaciones de las partes (demanda principal, demandas de coparte o de tercero y reconvención, y sus respectivas contestaciones); (2) la sentencia del TPI cuya revisión se solicita y la notificación del archivo en autos de copia de la misma; (3) toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden; (4) toda resolución u orden, y toda moción o

---

[12] *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002).
[13] *Íd.* (Bastardillas en el original).
[14] Fe*bles v. Romar*, 59 DPR 714, 722 (2003).
[15] 4 LPRA Ap. XXII-B.
[16] 4 LPRA Ap. XXII-B, R.16.

escrito de cualesquiera de las partes que forme parte del expediente original en el TPI, en las que se discuta expresamente lo planteado en el escrito de apelación, o que sea relevante a éste; y (5) cualquier otro documento que forme parte del expediente original ante el TPI y pueda serle útil al foro revisor para resolver la controversia.[17]

**II.**

El escrito presentado por la parte apelante incumple sustancialmente con las disposiciones de nuestro Reglamento relativas al contenido y forma de los escritos de apelación. Entre las disposiciones reglamentarias establecidas para la presentación de estos recursos, se encuentra la obligación de presentar una relación fiel y concisa de los hechos del caso, de señalar los errores que a juicio del apelante cometió el tribunal apelado; la discusión de los errores señalados (incluyendo las disposiciones de ley y la jurisprudencia aplicables) y un apéndice.

El escueto recurso de la parte apelante carece de una relación de los hechos del caso y no formula señalamiento de error o discute falta alguna que, a juicio de la promovente, hubiera cometido el foro apelado. Estrictamente, el escrito de dos (2) páginas menciona que se apela de la *Sentencia Sumaria* y las órdenes relacionadas al inicio de este escrito, sin señalamiento o argumento en derecho que de margen a identificar los asuntos que se pretenden traer a nuestra atención. Tales circunstancias nos imposibilitan calibrar en sus méritos el recurso ante nuestra consideración.

A lo anterior, hay que añadir que, junto a su recurso, la parte apelante presenta un apéndice incompleto, en el que incluyó copia de las órdenes impugnadas y de su oposición a la solicitud de sentencia sumaria – presentada por derecho propio a través de su apoderada -, pero omitió anejar copia de la *Sentencia Sumaria* cuya

---

[17] 4 LPRA Ap. XXII-B, R. 16 (E).

revisión solicita y su notificación, así como la copia del escrito en solicitud del remedio sumario presentado ante el foro apelado en el cual se discutió el asunto objeto del dictamen impugnado en este recurso. De igual modo, la parte apelante tampoco subsanó la deficiencia notificada por la Secretaría de este Tribunal.

La obligación de perfeccionar un recurso, según lo exige la ley y el Reglamento del Tribunal de Apelaciones, le corresponde a la parte que solicita un remedio ante este Tribunal. El hecho de que ésta comparezca por derecho propio, por sí solo, no justifica que incumpla con las reglas procesales. La omisión de la parte apelante de cumplir con nuestro Reglamento nos imposibilita auscultar nuestra propia jurisdicción y, por ende, constituye un impedimento real y meritorio para la consideración del recurso en sus méritos.

En fin, el incumplimiento craso con las normas que regulan el perfeccionamiento de los recursos de apelación establecidas en nuestro Reglamento nos obliga a concluir que carecemos de jurisdicción para atender el reclamo de la parte apelante.

**III.**

Por los fundamentos que anteceden, este Tribunal desestima el recurso por falta de jurisdicción.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones