## CENTRAL AGUIRRE SUGAR CO. v. DOMENECH.

### No. 3563.

Circuit Court of Appeals, First Circuit.

Nov. 20, 1940.

Oscar B. Frazer, of New York City (Hartzell, Kelley & Hartzell, of San Juan, P. R., on the brief), for appellant.

William Cattron Rigby, of Washington, D. C. (George A. Malcolm, of San Juan, P. R., and Nathan R. Margold, of Washington, D. C., on the brief), for appellee.

Before MAGRUDER and MAHONEY, Circuit Judges, and FORD, District Judge.

## PER CURIAM.

Appellant brought this action to recover internal revenue taxes, paid under protest, on certain Fowler gyrotillers, classified by the Treasurer as "tractors" within the meaning of Section 16, paragraph 8 of the Internal Revenue Law of Puerto Rico, as amended by Laws, P.R.(1931), pp. 504, 506–510. The Supreme Court of Puerto Rico reversed a judgment for the plaintiff rendered by the District Court of San Juan and directed that the complaint be dismissed, upon the authority of Russell & Co. v. Domenech, 50 D.P.R. '52, affirmed by this court sub nom. Russell & Co. v. Sancho Bonet, 1 Cir., 92 F.2d 821.

The gyrotiller is a 22-ton self-propelled plowing device, used by sugar planters throughout the West Indies. In one operation it breaks, turns and pulverizes the soil, preparing the ridges and furrows and leaving the ground ready for planting. The soil, after it has been broken and pulverized by two rotary tillers, is furrowed and banked by two "ordinary plows" which are drawn or dragged by the machine of which they form a part. Ninety per cent of the power developed by the diesel engine is transmitted directly to the rotary tillers, and the remaining ten per cent is used as a propelling force. In Russell & Co. v. Domenech, 50 D.P.R. 52, the Supreme Court of Puerto Rico considered at length the appropriate classification of this same gyrotiller and concluded that it was a "tractor" within the meaning of the Internal Revenue Law. The court in that case said:

"The appellee alleges that in accordance with the facts averred in the complaint the apparatus mentioned is nothing but a very large tractor, caterpillar system, gyrotiller make, differing from the common tractor in that it includes in its structure the complete equipment of plows for the preparation of the land devoted to the planting of sugar cane. Defendant argues that, taking off from it this equipment, there is left a common tractor or hauling auto, and that it is natural that it does not have a traction bar, hooks or hauling apparatus, because the equipment for plowing, that is, the cylindrical discs or the plows are screwed to the apparatus, all this not preventing, however, other objects or things being attached to it as is done in England where the gyrotiller is used for preparing the ground devoted to wheat which demands a system of discs which has to be and is different.

"This is a question that has been exhaustively argued by counsel on both sides and by the judicious opinion of the court rendering the judgment. We are inclined to believe that the apparatus which is described in the complaint can be considered as a tractor falling within the disposition of the Internal Revenue Law applied by the Treasurer of Puerto Rico for the collection of the tax. The dictionary of the Spanish Royal Academy tells us that 'tractor' is a machine that produces traction; and 'traction' according to the same dictionary, is the action and effect of pulling something in order to move or haul it. In accordance with the Encyclopedia Britannica, 'traction' (from the Latin 'trahere', 'to draw') is the act of drawing or hauling.

"It appears to us that the gyrotiller or apparatus which is the basis of this action can be very well placed within the foregoing definitions."

We affirmed that judgment in a per curiam opinion in Russell & Co. v. Sancho Bonet, 1 Cir., 92 F.2d 821.

The facts developed by the evidence in the case at bar are not appreciably different from those presented on demurrer to the complaint in the Russell case. In effect we are asked to overrule our decision in that case. This we are disinclined to do, particularly in view of the fact that the challenged judgment of the Supreme Court of Puerto Rico involves only the interpretation of a territorial revenue act. Bonet v. Yabucoa Sugar Co., 306 U.S. 505, 510, 59 S.Ct. 626, 83 L.Ed. 946.

The judgment of the Supreme Court of Puerto Rico is affirmed, with costs to the appellee.