THE COCA COLA EXPORT SALES Co., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent.

No 49.   Argued May 7, 1945.—Decided June 22, 1945.

*Hartzell, Kelly & Hartzell* and *Rafael O. Fernández* for petitioner. *Julio Suárez Garriga, Acting Attorney General,* and *M. Velázquez Flores, Assistant Attorney General,* for the intervener, Treasurer of Puerto Rico, respondent in the main proceeding.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The petitioner is a corporation organized under the laws of the State of Delaware, authorized to do business in Puerto Rico. On March 11, 1942, it filed with the Treasury Department its income tax return corresponding to the taxable year which began on July 1, 1941, and ended on November 30 of the same year. It attached to its return a check for $8,542.25, which was the tax that it had to pay according to its return and included a letter wherein it stated that it made the payment under protest, among other reasons, because it being a foreign corporation authorized to do business in Puerto Rico, the imposition of a 20 per cent tax was unconstitutional, inasmuch as domestic corporations paid only 18 per cent, and invoked *Nitrate Agencies Co.* v. *Domenech, Treas.*, 44 P.R.R. 498 (1933). It petitioned that its protest appear on the back of the receipt.

Relying on §§ 64 and 75 of the Income Tax Law, on February 16, 1943, it sought from the Treasurer the refund of $854.22, which constituted 2 per cent of the income which it alleged was the amount unduly paid. On July 23, 1943, the petition for refund was denied and on August 16 following the taxpayer appealed to the Tax Court of Puerto Rico.

In his answer the Treasurer alleged that the Tax Court lacked jurisdiction because, even though the taxpayer insisted that it had paid under protest, the payment had to be considered voluntary in pursuance with the ruling established in *Blanco* v. *Tax Court*, 61 P.R.R. 21 (1942). The Treasurer further alleged that the 20 per cent tax levied on foreign corporations was constitutional.

The Tax Court disclaimed jurisdiction to take cognizance of the case and consequently dismissed the complaint, resting its decision on *Blanco* v. *Tax Court, supra,* wherein it was held that the payment of the tax made under circumstances similar to the ones in the present case, does not constitute a payment under protest, despite the fact that the taxpayer,

144

upon making the same, expressly stated that it paid under protest and it so appears from the tax receipt.

██ We agree with the Tax Court that the payment in the present case was voluntarily made, inasmuch as the taxpayer did not make it under compulsion, or threats of attachment or of sale of its property. *Blanco* v. *Tax Court, supra.* But as we have pointed out, petitioner's claim is based on §§ 64 and 75 of the Income Tax Act [1] and these Sections do not require payment under protest as a condition precedent to a refund of the tax.

██ Since the petitioner is a foreign corporation authorized to do business in Puerto Rico, the imposition of a tax greater than the one levied on domestic corporations for the same purpose, violates the equal protection of laws clause, *Buscaglia, Treas.* v. *Tax Court,* 64 P.R.R. 575, and consequently the difference between the 18 per cent paid by domestic corporations and the 20 per cent paid by the petitioner was wrongfully collected, it being an overpayment of what the taxpayer was legally bound to pay.

██ It is true that this court has held in *P. R. Fertilizer Co.* v. *Treasurer,* 50 P.R.R. 644; *P. R. Fertilizer Co.* v. *Treasurer,* 50 P.R.R. 389; *Ballester* v. *Court of Tax Appeals,* 60 P.R.R. 749 (1942), and *Yabucoa Sugar Co.* v. *Domenech, Treas.,* 50 D.P.R. 962, (*per curiam* decision), the latter being affirmed by the United States Supreme Court (*Bonet* v. *Yabucoa* Sugar Co., 306 U. S. 505), that the authority to make

[1] Section 64(a) provides in part:

"Where there has been an overpayment of any income or excess-profits tax imposed by this Act . . . or any such Act as amended, the amount of such overpayment shall be credited against any income or excess-profits tax or installments thereof then due from the taxpayer, and any balance of such excess shall be refunded immediately to the taxpayer."

And Section 75 provides:

"The Treasurer is authorized to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected; and shall make report to The Legislature of Puerto Rico at the beginning of each regular session of all transactions under this section."

refunds conferred by § 75 of the Income Tax Law on the Treasurer was discretionary, and therefore that no appeal could be taken from said decisions; but this rule has been changed by Act No. 169 of May 15, 1943 (Laws of 1943, p. 600), effective since August 13, 1943, § 3 of which provides:

"All actions, remedies, or proceedings which must be substantiated before the Tax Court of Puerto Rico shall be instituted by means of a sworn complaint of the claimant person or entity, .. within the 30 days following the date of the service of notice thereof by the Treasurer of Puerto Rico, in any of the following cases: . . . . (4) Refusals to return any tax improperly paid, or paid in excess, or otherwise unlawfully collected: . . ."[2]

The petitioner having paid a tax in excess of the one it was legally bound to pay, and having claimed its refund within the statutory period, the Tax Court erred in failing to direct the Treasurer to return the amount wrongfully collected.

The decision of the Tax Court must be annulled and the case remanded to said court to render a decision consistent with this opinion.

---

[2] The Legislative Assembly, upon authorizing the review of the Treasurer's decisions, adopted a procedure similar to that established in the Federal Income Tax Law. To this effect see 10 Mertens, Law of Federal Income Taxation, § 58.47, pp, 350 *et seq.*, especially § 58.52, p. 361, which states that payment under protest is not necessary.