VALIENTE & Co., *S. en C.*, Plaintiff and Appellee, *v.* SERGIO CUEVAS BUSTAMANTE, COMMISSIONER OF THE INTERIOR, ET AL., Defendants and Appellants.

No. 9109. Argued May 9, 1945.—Decided June 25, 1945.

*Jesús A. González, Acting Attorney General,* and *Carmen B. Hernández, Deputy Attorney General,* for appellants. *E. Martínez Sierra* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The question to be decided herein is whether the lower

court acted with jurisdiction to entertain an action on declaratory judgment prosecuted against the People of Puerto Rico in a matter on which the People of Puerto Rico had not given its consent to be sued.

The allegations of the complaint showed that Valiente & Co., *S. en C.,* entered into a contract on October 17, 1939 with Mr. Jorge V. Dávila, at that time Superintendent of Public Works, in the name and in behalf of the People of Puerto Rico, approved by the Commissioner of the Interior, whereby plaintiff would construct a bridge over Marle River in the Patillas–Maunabo road; that the plaintiff had to pay, at the request of the Department of the Interior, higher wages than those stipulated and perform works not included in the contract; that the plaintiff accomplished the work according to the specifications originally contained in the project, with the alterations and modifications which defendants deemed necessary; that the work was definitively accepted on June 21, 1941, and that upon carrying out the liquidation of the contract a controversy has arisen between the parties as to its interpretation; that while the plaintiff is of the opinion that he is entitled to the payment of the items specified in the complaint, the defendants believe that they are not bound to make such payment nor to recognize any right in the plaintiff for such items; that since they have not come to an agreement the plaintiff has resorted to the procedure established by the Declaratory Judgments Act, praying "that the defendant" be compelled to pay to the plaintiff the amount which belongs to the items specified in the complaint and that the defendants be adjudged, if they object to said declaration, to pay costs, expenses, and attorney's fees.

The defendants appeared and answered the complaint, but failed to invoke the sovereign's immunity to be sued without its consent. However, they have invoked this right on appeal but it being a jurisdictional question, we shall discuss it.

The lower court rendered judgment for plaintiff on the merits of the evidence and imposed costs on the defendants.

It is a well-settled rule that the sovereignty, and as such, the People of Puerto Rico, in the absence of a law permitting it, may only be sued in connection with those matters expressly contained in § 1 of Act No. 76 of April 13, 1916 (Laws of 1916, p. 151), as amended by Act No. 11 of April 18, 1928 (Laws of 1928, p. 130) which reads thus:

"Section 1.—The district courts of Porto Rico shall hereafter be authorized to entertain suits against The People of Porto Rico, in the following cases:

"(a) Actions for damages.

"(b) Actions to recover real or personal property or an interest therein, with or without compensation for damages caused by retention of such property or for damages caused to said property, or on account of income or profits therefrom and for the survey of rural property; Provided, That no recovery shall be had on account of said damages and the aforesaid income or profits if occasioned by The People of Porto Rico prior to the date on which action is brought."[1]

The present case does not fall within the purview of said Section, but plaintiff insists that this is not an action against the People of Puerto Rico but against its officers, and that therefor the legal doctrine that the sovereignty may not be sued without its consent is not involved.

An examination of the complaint leaves no doubt that the contract was made for and on behalf of the People of Puerto Rico, and that the latter, not the defendant officers, would be responsible for the payment of the claim—if the same were proper—if the action had been brought by an ordinary proceeding. It is expressly alleged in the complaint that the contract was entered into by Mr. Dávila, the Superintendent of Public Works, "in the name and on behalf of the People

---

[1] Section 2 of said Act of 1916 provides:

"No action can be brought against the People of Porto Rico unless consent thereto is expressly included within the provisions of this Act, and every consent, express or implied, given by The People of Porto Rico and not expressly included herein, is hereby revoked."

of Puerto Rico", and we do not believe that the plaintiff pretends, considering the allegations of the complaint, that the defendants are bound to pay out of their own funds, in whole or in part the price of the work performed for the benefit of the People of Puerto Rico. It being so it is obvious that the action is one against the People of Puerto Rico, even if the complaint was filed against its officers. *Sancho Bonet* v. *Yabucoa Sugar Co.,* 306 U.S. 505, 506 (1939); *Porto Rico* v. *Rosaly,* 227 U.S. 270, 274 (1913); *Puerto Rico* v. *Shell Co.,* 302 U.S. 253, 262 (1937); *La Correspondencia de P. R., Inc.* v. *Treasurer,* 58 P.R.R. 682 (1941); *Terceiro* v. *Homestead Division,* 53 P.R.R. 570 (1938).

The fact that the plaintiff herein has resorted to the proceeding of declaratory judgments, does not vest the court with jurisdiction, as in any event the action involved would always be against the People of Puerto Rico, and the sovereign has not consented thereto. Borchard, invoked by appellants, says to this effect:

". . . The immunity of the state from suit, a much abused concept, is not altered or modified by the Declaratory Judgments Act. On several occasions an effort has been made to obtain a declaration of the state's duty to refund or pay money, not for the purpose of executing the judgment, which was not under the law possible, but merely to obtain an adjudication of legal rights. Its persuasive effects, to induce a legislature to make an appropriation, might be considerable. Needless to say, such a proceeding is not sustainable and a court should decline jurisdiction, even though an ostensible suable public officer is made defendant as an *alter ego* for the state." Borchard, Declaratory Judgments (2d ed., 1941), p. 374.

Since the People of Puerto Rico has not given its consent to be sued in the present case, the court *a quo* acted without jurisdiction, and therefore, the judgments shall be reversed.[2]

---

[2] The fact that the judgment is reversed for lack of jurisdiction in the lower court, should not preclude the plaintiff from obtaining from the Legislative Assembly authorization to sue the People of Puerto Rico if the Legislative Assembly deems it advisable to grant said permission, since this opinion does not decide the case on its merits.