NATALIA CAMPIS, Plaintiff and Appellee, *v.* THE PEOPLE OF PUERTO RICO, Defendant and Appellant.

No. 9381. Argued April 9, 1947.—Decided May 29, 1947.

Luis Negrón Fernández, Acting Attorney General (E. Campos del Toro, former Attorney General, on the brief), and E. B. Fernández Badillo, Deputy Attorney General, for appellant. F. Montalvo Guenard and Pedro Nelson Colberg for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Act No. 237 of May 12, 1945 (Laws of 1945, p. 802), in its pertinent part reads as follows:

"Section 1.—Natalia Campis, of Cabo Rojo, Puerto Rico, is hereby authorized to sue The People of Puerto Rico for claim for damages caused through an accident suffered by her on August 26, 1944, in the town of Cabo Rojo, Puerto Rico, by falling in an excavation made in Rius Rivera Street by the War Emergency Program which at that time was making repairs to the streets of that town."

Said Act contains two more Sections and a Declaration of Policy. It is provided by § 2 that all laws or parts of laws in conflict with the Act are thereby repealed and by § 3, that the Act, being of an urgent and necessary character, shall take effect immediately after its approval.

Pursuant to the Act, on July 12, 1945, Natalia Campis filed, in the District Court of Mayagüez, a complaint in an action for damages against The People of Puerto Rico, which may be summarized thus: (1) That her claim was authorized by legislative action through Act No. 237; (2) that on August 26, 1944, at about 9 P.M., while walking along Rius Rivera Street of the town of Cabo Rojo, she fell headlong in an excavation made there as a part of the work of repairing the streets and sidewalks of said town carried out by and under the direction of the War Emergency Program, which in its turn is one of the activities authorized by the Insular Emergency Council, created as an executive agency of the Government of Puerto Rico by Act No. 16, approved November 27, 1942; (3) that in the accident involved, she sustained a fracture of her right collarbone, etc.; (4) that said accident was due directly and solely to the negligence and carelessness of the persons employed in the said work;

(5) that because of an injury sustained in her right hand she has been unable to do any needlework or sewing for about 20 weeks; and (6) that in consequence of said accident she has sustained damages in the amount of $3,500. She concluded by praying that the People of Puerto Rico be adjudged to pay her that amount.

The defendant answered and denied the essential averments of the complaint. It then raised certain questions of law which were repeatedly overruled, and after the witnesses were heard, the court rendered judgment for the plaintiff. The People thereupon appealed, and in its brief it has assigned two errors, the first one being that the district court erred in holding that the plaintiff was not bound to furnish the bond required by § 4 of Act No. 76 of April 13, 1916, as a condition precedent to the bringing of the action, and that, therefore, it erred in exercising jurisdiction over the case.

It is a general principle of law that the state can not be sued without its consent. *Bonet* v. *Yabucoa Sugar Co.,* 306 U. S. 505; *Porto Rico* v. *Rosaly,* 227 U. S. 270; *Valiente & Co.* v. *Cuevas, Com'r,* 65 P.R.R. 169; *Méndez* v. *Buscaglia, Treas.,* 64 P.R.R. 707; and *Rivera* v. *People,* 65 P.R.R. 926. And where it consents to be sued all the conditions prescribed by it for such suit must be complied with. *Saurí & Subirá* v. *Sepúlveda,* 25 P.R.R. 224, 226.

In said Act No. 237 of 1945, the People of Puerto Rico merely authorizes Natalia Campis to bring an action for damages against it for the injuries sustained by her. As we stated in *M. Grau e Hijos* v. *People,* 51 P.R.R. 12, 14, the Act [1]—a joint resolution, the language of which is very similar to that of Act No. 237—"did not impose a liability on the People of Puerto Rico that otherwise it would not have had," it being further stated that it merely gave a remedy and authorized the plaintiff to bring suit against the People of Puerto Rico.

---

[1] Joint Resolution No. 35 of April 28, 1931, p. 964.

 By Act No. 76 of April 13, 1916 (Laws of 1916, p. 151), as amended by Act No. 11 of April 18, 1928 (Laws of 1928, p. 130), the district courts of Puerto Rico are generally authorized to entertain suits against the People of Puerto Rico in actions for damages and for the recovery of real or personal property. Section 4 thereof provides that every plaintiff, as a condition precedent to commencing the suit, must furnish a bond in the sum of $2,000. In the case at bar, the parties admit that no such bond has been furnished and that no application has been made to the court to exempt the plaintiff from the furnishing of the bond by reason of her insolvency. Upon the plaintiff being authorized by Act No. 237 to bring suit against the People of Puerto Rico, was she relieved from the furnishing of the bond already mentioned or from any other requisite provided by the aforesaid Act of 1916? We think not. Act No. 237, *supra,* merely granted her the right to bring suit against the People of Puerto Rico. It in no way repealed Act No. 76 of 1916 or the requisites provided by the latter for bringing suit against our government. The repeals of statutes are either express or implied. Section 6, Civil Code, 1930 ed. Implied repeals are not favored by the law. Act No. 237 of 1945 does not expressly repeal Act No. 76 of 1916. As we have already indicated, it merely provides in its § 3 that all laws or parts of laws in conflict therewith are thereby repealed. But the Act of 1916 contains nothing which is in conflict with Act No. 237 of 1945 or which is inconsistent with the latter. Upon Natalia Campis being authorized to sue the People of Puerto Rico, she was merely granted authority to bring suit against the state in order that it might be judicially determined whether any substantive liability attached to the latter. Statutes of that kind should always be strictly construed,[2] and in such cases the plaintiff should fully comply with all the requisites provided by the state.

---

[2] *Miller* v. *Pillsbury,* 164 Cal. 199, Ann. Cas. 1914 B, 886, 128 Pac. 327.

Whenever the People of Puerto Rico in any act authorizing the bringing of a suit against it has wished to relieve the plaintiff from compliance with any of the requisites prescribed by the general Act of 1916, *supra,* it has specifically so provided. For instance, by Act No. 7 of March 30, 1938 (Laws of 1938, p. 125), it authorized Alfonso González Cabrera to sue it without being required to file a bond, and by Act No. 176 of May 15, 1939 (Laws of 1939, p. 902), as amended by Act No. 105 of May 5, 1941 (Laws of 1941, p. 772), it authorized the Heirs of Manuel Estrada and Fernando Noa Pimentel to sue the People of Puerto Rico, whether or not the latter had acted as a special agent. In the present case no exception was made, nor was the plaintiff exempted from compliance with any of the requisites provided by the general Act of 1916.

Under the terms of the Act, the furnishing of a bond is a condition precedent and in default thereof the district court in which a suit is brought against the People of Puerto Rico does not acquire jurisdiction. *Ortiz* v. *People,* 59 P.R.R. 443; *Masini* v. *People,* 53 P.R.R. 280, 283.

Since the plaintiff has at no time filed the bond required by § 4 of the Act of 1916, nor has she requested or obtained from the lower court an order exempting her from giving bond on account of her poverty, it is clear that the District Court of Mayagüez did not acquire jurisdiction to take cognizance of this case. The error assigned was therefore committed.

Having reached the above conclusion, we need not discuss the second error assigned. It is to the effect that the complaint does not state facts constituting a cause of action, as it is not alleged therein that the negligent acts were performed by a special agent [3] of the People of Puerto Rico. Nor is it necessary to determine whether that defect of the com-

---

[3] For a study of what is meant by special agent under § 1803, 1930 ed., see *Soto* v. *Lucchetti,* 58 P.R.R. 715, and *Rivera* v. *People, supra.*

plaint could be cured by evidence, or whether said court erred in holding that the Insular Emergency Council, created by Act No. 16 of November 29, 1942 (Spec. Sess. Laws, p. 50), is a special agent of the People of Puerto Rico within the purview of § 1803 of the Civil Code (1930 ed.). All those questions were raised by the defendant, not only at the commencement of the trial but also after the close of the evidence for the plaintiff, and they were repeatedly overruled by the court.

The judgment appealed from should be reversed and the complaint dismissed.