MANUEL ACEVEDO ROSARIO, Plaintiff and Appellant, *v.* THE PEOPLE OF PUERTO RICO, ETC., Defendant and Appellee.

No. 9725. Argued December 1, 1948.—Decided December 9, 1948.

*R. Cuevas Zequeira* for appellant. *Luis Negrón Fernández, Attorney General,* and *A. Torres Braschi, Acting Attorney General,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In an action for damages brought by Manuel Acevedo Rosario against The People of Puerto Rico, plaintiff alleged, in substance, that he had been authorized by Act No. 21 of May 1, 1947 (Sess. Laws, p. 72), to institute said action, and that prior to the filing thereof he furnished a bond in the sum of $2,000; that about the month of April 1941, he was awarded a contract on his bid for the construction of part of the highway leading from Santurce to Bayamón; that subsequently, he and the Government of Puerto Rico entered into an agreement for the rescission of said contract which put an end to his intervention in the construction of that highway project, said agreement having been signed by Sergio Cuevas, in his capacity as Commissioner of the Interior, and by the plaintiff himself, as contractor; that one year afterward the People of Puerto Rico brought an action to recover from him the sum of $53,165.05, which it alleged had been paid in excess to him, and in said action the District Court of San Juan rendered judgment for the defendant which was affirmed by the Supreme Court;[1] that in that suit the People attached nine rural properties belonging to him, which constituted his whole estate, and thereby caused him to lose the credit which up to that time he had enjoyed in the banks; wherefore, he prayed that the People of Puerto Rico be adjudged to pay him the sum of $150,000 as compensation for the damages sustained by him.

To that complaint the People of Puerto Rico interposed motions to dismiss for lack of facts sufficient to constitute a cause of action and to strike out. The lower court granted the motion to dismiss for insufficiency, as it found that the complaint failed to allege that the People of Puerto Rico had acted through a special agent, and, considering the complaint not amendable, it proceeded to render judgment of dismissal. From that judgment the plaintiff has taken the present appeal. He assigns as an only error that the lower court

[1] See *People v. Acevedo*, 65 P.R.R. 444.

erred "in holding that the complaint did not state facts sufficient to constitute a cause of action because it failed to allege that the wrongful acts charged in the complaint were committed through special agents."

By Act No. 21, *supra*, the plaintiff was authorized to bring an action for the recovery of alleged damages caused him by the People of Puerto Rico through the institution by the Government of the suit captioned "The People of Puerto Rico, represented by Rexford G. Tugwell, Governor of Puerto Rico, v. Manuel Acevedo Rosario," regarding the recovery of payment not due (*cobro de lo indebido*), and it was also provided therein that the rights granted thereby would prescribe if the action were not instituted within one year. It likewise provided, in § 3, that "All laws or parts of laws in conflict herewith are hereby repealed." For the purpose of the instant case, no other provision of said Act merits special mention.

 The sovereign can not be sued without its consent. *Bonet* v. *Yabucoa Sugar Co.*, 306 U.S. 505; *Valiente & Co.* v. *Cuevas, Com'r.*, 65 P.R.R. 169. Said consent has been granted in certain cases by Act No. 76 of April 13, 1916 (Sess. Laws, p. 151), as amended by Act No. 11 of April 18 of 1928 (Sess. Laws, p. 130). But in such cases the conditions imposed by the sovereign must be strictly complied with.

 According to § 1802 of the Civil Code, 1930 ed., "A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done," and in accordance with § 1803 of the same Code "*The State is liable in this sense when it acts through a special agent;* but not when the damage should have been caused by the official to whom properly it pertained to do the act performed, in which case the provisions of the preceding section shall be applicable." (Italics ours.)

The appellant contends that § 3 of Act No. 21 of 1947, to which we have already referred, repealed the aforesaid

provision of § 1803 of the Civil Code and that, therefore, it is not necessary to allege in his case that the People of Puerto Rico acted through a special agent. There has been no such repeal. Since § 9 of Act No. 76, *supra,* provides that "All actions against The People of Porto Rico shall be prescribed, if suit is not begun within one year after the cause of action arises," Act No. 21 of 1947, on which the plaintiff relies, was undoubtedly due to the fact that the period of one year mentioned in said Section expired without the plaintiff having instituted his action within the year, counted from the date on which the judgment rendered in the suit brought by the People of Puerto Rico [2] against Acevedo became definitive (*firme*).

The purpose of Act No. 21 of 1947 was, therefore, simply to revive the right of the plaintiff to institute an action for damages against the People of Puerto Rico. It did not relieve him in any way, either expressly or impliedly from complying with the other requirements of Act No. 76 of 1916 or of the above-mentioned Section of the Civil Code in order to be able to sue the People of Puerto Rico.

In the instant case, it is not alleged in the complaint that, when attaching the above-mentioned properties owned by the plaintiff herein, the People of Puerto Rico acted through a special agent. Without said allegation the complaint fails to state facts sufficient to constitute a cause of action and the lower court acted correctly in so holding. As we stated in *Campis* v. *People,* 67 P.R.R. 366, 370:

"Whenever the People of Puerto Rico in any act authorizing the bringing of a suit against it has wished to relieve the plaintiff from compliance with any of the requisites prescribed by the general Act of 1916, *supra,* it has specifically so provided. For instance, by Act No. 7 of March 30, 1938 (Laws of 1938, p. 125), it authorized Alfonso González Cabrera to sue it without being required to file a bond, and by Act No. 176 of May 15, 1939 (Laws of 1939, p. 902), as amended by Act No. 105

---

[2] The judgment of the Supreme Court affirming that of the lower court was rendered on December 10, 1945.

of May 5, 1941 (Laws of 1941, p. 772), it authorized the Heirs of Manuel Estrada and Fernando Noa Pimentel to sue the People of Puerto Rico, *whether or not the latter had acted as a special agent.* In the present case no exception was made, nor was the plaintiff exempted from compliance with any of the requisites provided by the general Act of 1916." (Italics ours.)

We could say here *mutatis mutandis* that in the case at bar no reservation was made nor was the plaintiff exempted from complying with the requirements of § 1803 of the Civil Code in connection with the liability of the People of Puerto Rico when it acts through a special agent.

The judgment appealed from should be affirmed.