CARMEN GÓMEZ TEJERA, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; TREASURER OF PUERTO RICO, Intervener.

No. 249. Argued January 19, 1951.—Decided April 30, 1952.

*Virgilio Brunet* for petitioner. *Víctor Gutiérrez Franqui, Attorney General, (Vicente Géigel Polanco,* on the brief), and *José A. García Malpica, Assistant Attorney General,* for intervener, defendant in the main action.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

On July 15, 1949 the Treasurer of Puerto Rico notified petitioner herein of his final decision on her income tax deficiencies for the tax year 1946. The deficiency stipulated in the notice was $301.71 [1] and it was stated that the bond to be furnished, in case of appeal to the Tax Court, should be for $325.

On August 11, 1949 the petitioner appealed from said final decision to the Tax Court. She attached to her complaint [2] a document in English dated August 5, 1949, written by Mr. Ramón Magriñá in his capacity of Vice-President and Manager of the Banco Popular de Puerto Rico—and signed also by J. Correa—notifying the Treasurer of Puerto Rico that petitioner had deposited in said Bank the sum of $325 to cover the deficiencies finally determined by the Treasurer and notified to petitioner on July 15, 1949. Said document also contained the following:

"It is understood that there shall be payable to you or to your successor in office, from such deposit insofar as the same shall be sufficient therefor, the amount of the tax as notified and appealed from, which may be finally confirmed by the Tax Court of Puerto Rico and assessed as is provided in Section 57 (b) of the Income Tax Act of 1924. Such payment will be made to you upon your demand and against surrender to us of the

---

[1] This sum included: $264.08 tax deficiency, plus $37.63 as interest at 6 per cent per annum until "7-30-49."

[2] According to the original records of the Tax Court taken to this Court, the complaint appears as received on August 11, 1949, at 11:52 a.m. The original of the referred document in English appears as being received in said court on August 12, 1949, at 11:02 a.m. In the certificate that the Clerk of the Tax Court issued on August 11, 1949 and which he attached to the record of the case it was stated that "the following documents and enclosure were attached to the complaint in the case at bar: 1. Original and three copies of the complaint *and enclosure*." (Italics ours.) ("Enclosure" was not specified.) However, in the records attached to the complaint it appears—just as in the notice of deficiency—a carbon copy of the referred document, but signed also by Ramón Magriñá and J. Correa, and on which no notice of receipt was put (as was done in the original).

following documents: (*a*) certified copy of the final decision or decisions of the Tax Court of Puerto Rico; (*b*) certified copy of the notice of assessment of said tax and demand for payment; (*c*) certificate from you that the tax so confirmed and assessed has not been paid.

"It is further understood that this deposit shall be reimbursed to the said Mrs. Carmen Gómez Tejera upon her presentation to us of either of the following documents: (1) Original tax receipt or receipts showing payment of the amount of the income tax deficiency which may be confirmed by the Tax Court of Puerto Rico and assessed by you as a result of the appeal from the notice of deficiency of July 15, 1949 above referred to, or (2) Certified copy of the final decision or decisions of the Tax Court of Puerto Rico showing that the entire amount determined by you as deficiency has been disallowed by the Tax Court of Puerto Rico." [3]

---

[3] The entire English text of said document is as follows:

BANCO POPULAR DE PUERTO RICO
San Juan, P. R.

August 5, 1949.

Hon. Treasurer of Puerto Rico
San Juan, Puerto Rico.

Sir:

This will confirm to you that Mrs. Carmen Gómez Tejera has deposited with us the sum of $325 (THREE HUNDRED TWENTY FIVE DOLLARS AND 00/100) to cover deficiencies in income tax notified to Mrs. Carmen Gómez Tejera as appears from your notice of deficiencies dated July 15, 1949, for the year ended December 31st, 1946.

It is understood that there shall be payable to you or to your successor in office, from such deposit insofar as the same shall be sufficient therefor, the amount of the tax as notified and appealed from, which may be finally confirmed by the Tax Court of Puerto Rico and assessed as is provided in Section 57(*b*) of the Income Tax Act of 1924. Such payment will be made to you upon your demand and against surrender to us of the following documents:

 (*a*) Certified copy of the final decision or decisions of the Tax Court of Puerto Rico;

 (*b*) Certified copy of the notice of assessment of said tax and demand for payment;

 (*c*) Certificate from you that the tax so confirmed and assessed has not been paid.

It is further understood that this deposit shall be reimbursed to the said Mrs. Carmen Gómez Tejera upon her presentation to us of either of the following documents:

The Tax Court, at the Treasurer's behest, declared itself without jurisdiction over the case because the taxpayer had not furnished within the term and manner provided, the bond required by law.

In her brief in support of the writ of certiorari, petitioner contends that the lower court erred in holding that in order to acquire jurisdiction, a bond to secure the effectiveness of the judgment which the court might render, had to be furnished *before* the Treasurer of Puerto Rico and subject to his approval and, consequently, that the court erred in dismissing the complaint for lack of jurisdiction.

■■ Section 57 (a) of the Income Tax Act, Act No. 74 approved August 6, 1925 (Sess. Laws, p. 400), as amended by Act No. 23 of November 21, 1941 (Spec. Sess. Laws, p. 72), as provided:

"If, in the case of any taxpayer, the Treasurer determines that there is a deficiency in respect to the tax imposed by this title, the taxpayer, except as provided in subdivision (c), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed in the manner established in subdivision (b). Within fifteen (15) days immediately after the date of such notice, the taxpayer may apply to the Treasurer for a reconsideration of said determination of deficiency, stating in his application the grounds on which the same is based, and the Treasurer may grant him an administrative hearing before deciding the matter, or he may deny the reconsideration requested without any hearing if, in his judgment, said application is clearly unfounded. If the taxpayer does not agree with the resolution of the Treasurer with regard to any deficiency, he may, within thirty (30) days immediately follow-

---

(1) Original tax receipt or receipts showing payment of the amount of the income tax deficiency which may be confirmed by the Tax Court of Puerto Rico and assessed by you as a result of the appeal from the notice of deficiency of July 15, 1949 above referred to, or

(2) Certified copy of the final decision or decisions of the Tax Court of Puerto Rico showing that the entire amount determined by you as deficiency has been disallowed by the Tax Court of Puerto Rico.

Yours very truly,

(s) J. Correa,
Authorized Signature.

(s) R. Magriñá,
Vice President & Manager.

ing the date on which he is notified of the resolution, file with the Court of Tax Appeals of Puerto Rico a complaint against the Treasurer, in the manner provided for in the Act creating said court; *Provided,* That (1) the resolution of the Treasurer on the determination of any deficiency, and (2) the furnishing of a bond by the taxpayer, *subject to the approval of the Treasurer,* for a sum of not less than three-fourths (3/4) of the amount of the tax appealed, shall each and both of them be indispensable requirements to be complied with before resorting to said court, without which the latter shall not acquire jurisdiction." (Italics ours.)

Said Section was amended by Act No. 230 of May 10, 1949 (Sess. Laws, p. 706), providing henceforth the following:

"If, in the case of any taxpayer, the Treasurer determines that there is a deficiency in respect to the tax levied by this title, the taxpayer, except as provided in subdivision (*c*), shall be notified of such deficiency by registered mail, and the taxpayer may, within thirty (30) days following the date on which said notification was mailed, or within such extension of time as the Treasurer may grant to him for the purpose, apply in writing to the latter, for a reconsideration of and an administrative hearing on the matter, setting forth in his application the reasons he may have therefor. If the taxpayer does not apply for a reconsideration in the manner and within the term herein provided, or if after having applied for same the Treasurer should confirm in whole or in part the deficiency notified, the Treasurer shall in both cases notify the taxpayer by registered mail of his final decision, and the taxpayer may appeal from said final decision to the Tax Court of Puerto Rico in the manner, *within the term and upon compliance with the requirements provided by law.* (Italics ours.)

From the language of § 57(*a*) before its amendment by Act No. 230 it appears very clearly that apart from the statutory period of 30 days to file a complaint with the Tax Court—counted from the date on which notice of the resolution of the Treasurer is served, on reconsideration, on the determination of any deficiency—there are two other jurisdictional requirements before said court may take cognizance

of a complaint such as the one in the instant case, to wit: (1) that a decision on the determination of any deficiency be entered by the Treasurer and (2) that a bond be furnished by the taxpayer, *subject to the approval of the Treasurer* for a sum not less than three fourths of the amount of the tax appealed. Act No. 230 eliminated said requirement from the text of § 57(a), providing, however, that the taxpayer may appeal from the final decision of the Treasurer *within the term and upon compliance with the requirements provided by law*. These requirements and terms were fixed in turn by Act No. 235 approved May 10, 1949, establishing a uniform procedure to appeal to the Tax Court in all cases under the jurisdiction of said court.

Section 1 of said Act No. 235 provides that in all cases under the jurisdiction of the Tax Court "the procedure established in this Act to appeal before said court shall exclusively govern." Section 2(a)(1), regarding the procedure to be followed in cases of income tax, establishes as a jurisdictional requisite in order that the Tax Court may take cognizance of the appeal of the taxpayer from the final decision of the Treasurer, in addition to the term of 30 days to appeal to said court, counted from the date of mailing said notice of the final determination on the deficiency, the furnishing of a bond within said statutory period of 30 days *in favor* of the Treasurer of Puerto Rico, *before him, subject to the approval of said official*, for the amount of the tax notified plus interest computed for a period of one year at the rate of 6 per cent per annum.

Suits to review the levy of taxes are really suits against the People of Puerto Rico, notwithstanding their being directed against the Treasurer. *Bonet* v. *Yabucoa Sugar Co.*, 306 U. S. 505, 506, 83 L. Ed. 946, 947; *La Correspondencia de P. R.* v. *Buscaglia, Treasurer*, 58 P.R.R. 682, 683; *Nazario* v. *Gallardo, Treas.*, 40 P.R.R. 760. As the sovereign can not be sued without its consent *Porto Rico* v.

*Rosaly*, 227 U. S. 270, 274, 57 L. Ed. 507, 508; *Puerto Rico v. Shell Co.*, 302 U. S. 253, 262, 82 L. Ed. 235, 243; *Bonet v. Yabucoa Sugar Co., supra,* upon waiving its immunity and consenting to be sued, it may impose at any time the conditions it deems convenient. *Standard Comm. Tob. Co. v. Tax Court* ,71 P.R.R. 701, 704; *Mayagüez Light, P. & I. Co. v. Tax Court*, 68 P.R.R. 482.

 The bond required by § 2(*a*)(1) of Act No. 235 to be furnished in favor of the Treasurer *before* him and subject to his approval, is a requisite to be strictly complied with, for it is one of the conditions imposed by the sovereign in order to give its consent to be sued, such requisite having been established as a jurisdictional one in order to appeal to the Tax Court for review of the final decision of deficiency notified to the taxpayer by the Treasurer. It is to be observed that the posting of said bond in the form and manner provided by Act No. 235 is a condition precedent in order that the Tax Court may exercise its jurisdiction. The instant case does not deal with the stay, by the Tax Court, of the collection of a tax under paragraph 1 of § 3 of Act No. 328 of 1949 which in its last proviso sets forth:

"*Provided, however,* That the filing of the complaint in the Tax Court shall not affect or impair the right of the Treasurer of Puerto Rico to collect the taxes by the procedure authorized by law, unless the Tax Court, upon motion of the taxpayer and after summoning the Treasurer of Puerto Rico, stays the collection of the tax at issue, upon the bonding, to its entire satisfaction, of the tax in controversy, including interest and penalties. The authorization to file this bond, as well as the fixing of the amount thereof, shall be a discretional and exclusive faculty of the court, having in mind in each case the facts and circumstances in its judgment concurring and affecting the interest both of the taxpayer and The People of Puerto Rico."

The purpose of the provision quoted is clear. The right of the Treasurer to collect the taxes by the legal procedure subsists, in the proper cases, notwithstanding the appeal of

the taxpayer to the Tax Court. It is in order to stay, at the request of the taxpayer and with notice to the Treasurer, the collection of the tax—once a complaint has been filed with the Tax Court—that said court may authorize the furnishing of a bond by the taxpayer. In such cases the authorization to furnish said bond as well as the fixing of its amount is established as a discretionary and exclusive faculty of the court within the rules established by law. Such provisions are not in conflict with the requirements fixed by Act No. 235 for these are prior to the filing of the complaint, and as such, they are conditions precedent in order that the court may assume jurisdiction, while the power to stay the collection of a tax when proper is inherent in the exercise of its jurisdiction by the court.

In the case at bar petitioner invokes the function of the Tax Court under the proviso previously copied, in support of her argument that the bond she furnished and which was filed with the Tax Court complies with the law, without her being bound to furnish it *before* the Treasurer. For the afore-mentioned reasons, petitioner does not fall within the purview of said proviso. She was bound to furnish the bond in favor of the Treasurer and *before* him, within the term fixed by Act No. 235. She actually tried to comply with said provisions and accepted the amount of the bond that the Treasurer stipulated in his deficiency notice. But she failed to comply with the requisite of furnishing it *before* him, and as the same was validly fixed by the State as one of the necessary means to appeal to the Tax Court without which the latter would not acquire jurisdiction, its omission or non-compliance is fatal.

The decision of the Tax Court will be affirmed.

Mr. Justice Snyder did not participate herein.